IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

---

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                Case No. 1:13-cv-02698-WYD-MEH

ELDON JONES,

    Defendant.

---

UNOPPOSED MOTION FOR LEAVE TO RESUME ANONYMOUS STATUS AND
MOTION TO RESTRICT DOCUMENTS IDENTIFYING DEFENDANT BY NAME

COMES NOW Defendant Eldon Jones, by and through counsel, and in support of his Motion for Leave to Resume Anonymous Status and Motion to Restrict Documents shows the Court as follows:

I. INTRODUCTION

Malibu Media is a California film company that owns the copyrights to a large number of pornographic films. Malibu has filed thousands of lawsuits in federal courts across the country, naming many thousands of John Doe defendants.

Courts across the country have recognized a privacy right and a defendant's interest in remaining anonymous in cases such as this in which the allegations pertain to the downloading of pornographic material.[1]

---

[1] "The risk of inappropriate settlement leverage is enhanced in a case like this involving salacious and graphic sexual content where a defendant may be urged to resolve a matter at an inflated value to avoid disclosure of the content the defendant was accessing." *Raw Films, Ltd. v. Does 1-32*, No. 11-cv-00532JAG, 2011 U.S. Dist. LEXIS 149215, *6-7 n.5 (E.D. Va. Dec. 29, 2011).

In fact, judges in the Eastern District of Wisconsin and the Northern District of Illinois have recently entered orders granting virtually the same relief requested herein, removing defendants names from the public docket and sealing documents bearing their names. (Ex. A, B and C).

The original Complaint filed in this case identified Defendant as John Doe. Defendant respectfully requests that this Court enter an order permitting him to resume his anonymous status and apply Level 1 Restriction to all filed documents bearing his name, including this Motion.

II.     ARGUMENT AND CITATION OF AUTHORITY

    A. Certain Documents Filed in This Matter Should Have a Level 1 Restriction Applied by the Court.

The Supreme Court has acknowledged a common-law right of access to judicial records. *L-3 Communications Corporation, et al. v. Jaxon Engineering, et al.*, 2014 U.S. Dist. LEXIS 49214, *3 (Dist. of Colorado April 7, 2014), *citing Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Thus, there is a presumption that documents deemed essential to the judicial process remain available to the public. However, this presumption may be overcome, and court filings may be restricted, where the public's right of access is outweighed by interests that favor nondisclosure. The court has substantial discretion in determining whether public access to a particular court record should be restricted. Id. at *3-4.

In the District of Colorado, Local Rule 7.2 governs motions to restrict public access to documents. The moving party must identify the document or proceeding for which the restriction is sought; address the interest to be protected and why that interest outweighs the presumption of public access; identify a clearly defined and serious injury

that would result if access is not restricted; explain why no alternative to restricted access is practicable and why only restricted access will adequately protect the interest in question; and identify the restriction level sought. D.C.Colo.LCivR 7.2(B).

    1.    Defendant is Asking the Court to Restrict Eleven Documents and the Docket Text on Five Entries on the Public Docket That Bear his Name.

On December 23, 2013, Plaintiff filed its Amended Complaint naming, for the first time, Defendant by his given name. [ECF No. 12]. Prior to that date, Defendant had been identified as John Doe. Defendant retained counsel in February of 2014, and the undersigned filed her appearance on February 25, 2014. [ECF No. 18]. Since that time, a number of documents have been filed, and several entries have been made on the Court's public docket. Specifically, documents 12-22 all bear Defendant's name. The docket text for documents 12, 13, 15, 18 and 22 also bear Defendant's name, and it also appears at the top of the docket. These are the documents and docket entries for which Defendant seeks restriction.

    2.    Due to the Nature of the Copyrighted Works at Issue in This matter, Defendant's Privacy Interests Outweigh The Presumption of Public Access.

Defendant's privacy interests outweigh the presumption of public access in this matter. He stands accused of downloading and distributing pornographic films, the copyrights to which are owned by Plaintiff. [ECF Nos. 1 and 12]. This Court has

acknowledged, in a case similar to the one at bar, that a defendant's identity can be shielded from the public pursuant to Rule 7.2. *K-Beech, Inc. v. John Doe*, 2012 U.S. Dist. LEXIS 12670 (D.Col. February 2, 2012).

Other courts have also acknowledged the reputational injury that can result from being accused of downloading an obscene film. Accusations of copying and distributing pornography involves matters of a sensitive and highly personal nature that deserve some protection from the public eye. *Sunlust Pictures, LLC v. Doe*, 2012 U.S. Dist. LEXIS 121368 at 5 (N.D. Ill. Aug. 27, 2012); *AF Holdings, LLC v. Doe*, 2012 U.S. Dist. LEXIS 162487 at *3 (N.D. Ill. Nov. 13, 2012). "[R]equests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. An allegation that an individual illegally downloaded adult entertainment likely goes to [such] matters." *Third Degree Films*, 2011 U.S. Dist. LEXIS 128030, at *11 (N.D. Cal. November 4, 2011).

The parties to this case have reached a settlement. However, Defendant settled in part to stem the possibility of future reputational harm. Defendant also settled at least in part due to his understanding that Plaintiff would not oppose his request to the Court to return to anonymous status.

3.  Defendant Will Suffer Reputational Harm That Could Affect Future Employment and Professional Opportunities in his Field if his Identity Remains Public.

Rule 7.2 also requires that the Defendant identify a clearly defined and serious injury that will result if access is not restricted. Defendant's profession involves security and government access. It requires discretion. Defendant's future professional

opportunities in his field would very likely be compromised by publicity of his name in a case involving the downloading and distribution of pornographic material.

Defendant denies being the downloader in this case and entered into a settlement with Plaintiff with no admission of liability to terminate these proceedings expeditiously.

   4.   There is No Alternative to Restricted Access That Will Adequately Protect Defendant's Privacy Interests.

Restriction of the above-referenced documents and docket entries is the only means by which Defendant's privacy interests can be protected. Their presence on the public docket is the risk to his reputational injury and injury to future professional prospects. The only remedy for that is restriction.

   5.   Level 1 Restriction is the Lowest Level of Restriction and is the Appropriate Level to Protect Defendant's Interests.

This Court recognizes three levels of restriction pursuant to Rule 7.2. Level 1 restricts access to parties and the court. Level 2 restricts access to the filing party and the court. Level 3 restricts access to the court alone. Defendant is seeking Level 1 restriction, the least restrictive level, for the identified documents and docket entries.

Plaintiff already has access to the documents and text at issue, and Defendant has never objected to his identity being provided to Plaintiff or to the Court. Defendant asks only that access to his identity be restricted from the public. No such restriction will shield from public view the nature of the case, the nature of the allegations made by Plaintiff, nor when a stipulation of dismissal is entered the nature by which the case resolved. Defendant asks only that documents and public docket entries bearing his name be restricted so that he may move forward with the clean slate afforded to him as contemplated by the settlement negotiations between the parties. His privacy interest, and

interest in avoiding any future reputational harm or harm to professional/economic opportunities outweighs the presumption of a public interest in having his name.

III. CONCLUSION

Defendant has shown good cause as to why he should be permitted to proceed anonymously in this matter. Plaintiff does not oppose this Motion. In order to return Defendant to his original anonymous status, all documents referencing him by name require Level 1 restriction, and all entries on the Court's public docket must be amended to refer to him as John Doe.

WHEREFORE, Defendant respectfully requests that the Court enter an Order permitting him to resume his anonymous status, removing his name from the Court's public docket and resuming the use of the name John Doe, and assigning Level 1 restriction to all documents bearing his name as identified above. Counsel for Defendant conferred with counsel for Plaintiff regarding this request and was informed that though Plaintiff would not join in this motion, it would not be opposed.

Respectfully submitted,

/s/ Erin Kathryn Russell
Erin Kathryn Russell

The Russell Firm
233 South Wacker Drive
84th Floor
T: 312-994-2424
F: 312-706-9766
erin@russellfirmchicago.com

CERTIFICATE OF SERVICE

This is to certify that on April 17, 2014, a copy of the foregoing has been filed with the Clerk of Court via the Court's ECF filing system, thereby serving it upon all counsel of record.

/s/ Erin Kathryn Russell

<u>CERTIFICATE OF COMPLIANCE WITH RULE 7.1</u>

The undersigned certifies that she conferred with Jason Kotzker, counsel for Plaintiff, by telephone and email, regarding the relief requested in the foregoing motion. Additionally, a copy of this motion was provided to Mr. Kotzker via email and he approved the language of the motion and authorized the undersigned to present it as unopposed via email prior to its filing.

<u>/s/ Erin Kathryn Russell</u>